UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | |
|---|---|
| DAVID L. GREENE, | ) |
|  | ) Civil Action No. 7: 05-176-DCR |
| Plaintiff, | ) |
|  | ) |
| V. | ) |
|  | ) **MEMORANDUM OPINION** |
| JO ANNE BARNHART, Commissioner | ) **AND ORDER** |
| of Social Security, | ) |
|  | ) |
| Defendant. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*   \*\*\*

This case involves a claim for social security supplemental income payments filed by David L. Greene. This matter is before the Court for consideration of the parties' competing motions for summary judgment. [Record Nos. 10 and 12] Because substantial evidence supports the decision of the Commissioner, her motion will be granted.

**I.   PROCEDURAL HISTORY**

An application for supplemental security income (child) payments was filed on the Claimant's behalf on November 9, 1989. Initially, benefits were awarded with an onset date of November 1, 1989. However, pursuant to an age 18 disability redetermination, the Claimant was subsequently notified that his disability ceased on September 1, 2000. Thereafter, the Claimant requested a hearing before an Administrative Law Judge (ALJ).[1]

---

[1] For further discussion of Claimant's prior history, see this Court's prior opinions in Civil Action No. 7:02-306, Record Nos. 12, 17.

An administrative hearing was held before ALJ Andrew J. Chwalibog on January 29, 2002. On April 13, 2002, the ALJ issued a decision in which he determined that Greene was no longer eligible for supplemental security income under the Social Security regulations. [*See* Administrative Transcript (Tr.) at 16] This determination became the final decision of the Commissioner when the Appeals Council denied Greene's request for review on May 31, 2002. [Tr. 4-5] Greene timely filed a civil action with this Court on August 12, 2002, having exhausted administrative review of the ALJ's decision. Following consideration, the Court remanded the case for consideration of whether Claimant's impairments meet or equaled Listing 112.02. *See* April 13, 2002, Memorandum Opinion and Order; *see also* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 112.02.

The ALJ held a supplemental hearing on October 14, 2003, to consider additional evidence and present a more accurate hypothetical to the VE regarding Greene's limitations. [Tr. 681-725] The ALJ recognized that while Greene was equivalent to Listing 12.02 (mental disability) as a child, his improvement, successful completion of a special education program and improvements in social and personal functioning established that Greene no longer qualified as an adult under Listing 112.02. [Tr. 418-19] As a result, the ALJ submitted Greene's limitations to the VE, who found a significant number of jobs Greene could perform. [Tr. 425]

Having considered whether Greene met Listing 112.02 as per this Court's order, the ALJ again decided that Greene did not qualify for benefits. [Tr. 413-425] The Appeals Council denied review, making it the final decision of the Commissioner. [Tr. 8-11]

**II.     LEGAL STANDARD**

A claimant's Social Security disability determination is made by an ALJ in accordance with a five-step analysis. If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step.

First, a claimant must demonstrate that he is not currently engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 404.1520(b). Second, a claimant must show that he suffers from a severe impairment. 20 C.F.R. § 404.1520(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months, which meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 404.1520(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the Claimant's residual function capacity ("RFC") and relevant past work to determine if he can do past work. If he can, he is not disabled. 20 C.F.R. §404.1520(e).

Under the fifth step of this analysis, if the claimant's impairment prevents him from doing past work, the Commissioner will consider his RFC, age, education and past work experience to determine if he can perform other work. If he cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 404.1520(f). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the

claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002), (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

### III. ANALYSIS

Judicial review of the denial of a claim for social security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Wyatt v. Sec'y of Health and Human Services*, 974 F.2d 680 (6th Cir. 1992). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (quotes and citations omitted). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v. Sec'y of Health and Human Services*, 708 F.2d 1048, 1053 (6th Cir. 1983). While significant deference is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must be taken into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Garcia v. Sec'y of Health and Human Services*, 46 F.3d 552,

555 (6th Cir. 1995); *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Sec'y of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Sec'y of Health and Human Services*, 893 F.2d 106, 108 (6th Cir. 1989). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

In determining whether the ALJ's opinion is supported by substantial evidence, courts may not "try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted). It is the job of the ALJ to make credibility findings after listening to testimony, observing the claimant's demeanor, and evaluating the testimony in light of the written evidence. Credibility determinations are particularly within the province of the ALJ. *Gooch v. Sec'y of Health and Human Services*, 833 F.2d 589 (6th Cir. 1987); *Villarreal v. Sec'y of Health and Human Services*, 818 F.2d 461, 464 (6th Cir. 1987).

Greene alleges that during the supplemental hearing the ALJ failed to provide the VE "a hypothetical which fully addressed Mr. Greene's impairments, particularly the true nature of Mr. Greene's illiteracy." When the VE was given those additional limitations, he conceded that no true work was available. [Record No. 11, pg. 25] Indeed, the Commissioner implicitly concedes that if the ALJ were to believe all of the evidence offered by Greene he would be entitled to benefits. [Record No. 12, pg. 11-12] However, credibility determinations are entirely within the province of the ALJ. *See* 20 C.F.R. §416.920; *Gooch*, 833 F.2d 589. Put simply, the ALJ did not believe much of Greene's evidence that he was as challenged as he claimed.

Greene was examined by a number of medical professionals, all of whom had essentially the same finding: Greene, while in the low-average range for intelligence, was not mentally retarded. *See, e.g.,* T.R. 579, 582, 617. Barry Adkins, Greene's most recent psychological examiner, diagnosed him with a number of problems, including reading and mathematics disorders and traits of dependency. (Tr. 618-19) While Mr. Adkins indicated that Greene would need to be closely guided, his intelligence was only in the low-average range, not so low as to be considered mentally retarded. (Tr. 617) An examination by Mary-Allen Genther did result in a Performance IQ score of 70, which is within the range for mental retardation. However, the ALJ found that this finding was likely due to bereavement issues due to the recent loss of Greene's father. (Tr. 582) Specifically, Ms. Genther did not diagnose Greene as mentally retarded.

The other evidence of Greene's impairments were testimony by his mother and his own testimony, which the ALJ did not find credible. While this may not be the decision the Court would reach on an independent evaluation, the Court may not substitute its own judgment for that of the ALJ's unless not supported by adequate evidence. *See Garcia*, 46 F.3d 552*, et al supra.* As the ALJ's conclusion is supported by the substantial evidence, it must be affirmed.

### IV.  CONCLUSION

Accordingly, for the reasons discussed herein, it is hereby **ORDERED** that:

(1)  The Commissioner's Motion for Summary Judgment [Record No. 12] is **GRANTED**;

(2)  The Claimant's Motion for Summary Judgment [Record No. 10] is **DENIED**; and

  (3) The administrative decision will be **AFFIRMED** by separate judgment entered this date.

 This 7th day of December, 2005.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge