UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | |
|---|---|
| DAVID L. GREENE, ) | |
| ) | Civil Action No. 7: 05-176-DCR |
| Plaintiff, ) | |
| ) | |
| V. ) | |
| ) | **MEMORANDUM OPINION** |
| JO ANNE BARNHART, Commissioner ) | **AND ORDER** |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

\*\*\* \*\*\* \*\*\* \*\*\* \*\*\*

This matter comes before the Court for consideration of plaintiff's Motion for Relief under Fed. R. Civ. Pro 59(e), more commonly known as a Motion to Alter or Amend. [Record No. 16] Because the Plaintiff presents no new evidence or clear errors of fact or law, and instead merely re-argues the prior decision of the Court, his motion will be denied. [Record No. 16]

**PROCEDURAL HISTORY**

An application for supplemental security income (child) payments was filed on the Claimant's behalf on November 9, 1989. Initially, benefits were awarded with an onset date of November 1, 1989. However, pursuant to an age 18 disability redetermination, the Claimant was subsequently notified that his disability ceased on September 1, 2000. Thereafter, the Claimant requested a hearing before an Administrative Law Judge ("ALJ").[1]

---

[1] For further discussion of Claimant's prior history, see this Court's prior opinions in Civil Action No. 7:02-306, Record Nos. 12, 17.

An administrative hearing was held before ALJ Andrew J. Chwalibog on January 29, 2002. On April 13, 2002, the ALJ issued a decision in which he determined that Greene was no longer eligible for supplemental security income under the Social Security regulations. [*See* Administrative Transcript ("Tr.") at 16] This determination became the final decision of the Commissioner when the Appeals Council denied Greene's request for review on May 31, 2002. [Tr. 4-5] Greene timely filed a civil action with this Court on August 12, 2002, having exhausted administrative review of the ALJ's decision. Following consideration, the Court remanded the case for consideration of whether Claimant's impairments meet or equaled Listing 112.02. *See* April 13, 2002, Memorandum Opinion and Order; *see also* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 112.02.

The ALJ held a supplemental hearing on October 14, 2003, to consider additional evidence and present a more accurate hypothetical to the VE regarding Greene's limitations. [Tr. 681-725] The ALJ recognized that, while Greene was equivalent to Listing 12.02 (mental disability) as a child, his improvement, successful completion of a special education program and improvements in social and personal functioning established that Greene no longer qualified as an adult under Listing 112.02. [Tr. 418-19] As a result, the ALJ submitted Greene's limitations to the VE, who found a significant number of jobs Greene could perform. [Tr. 425]

Having considered whether Greene met Listing 112.02 as per this Court's Order, the ALJ again decided that Greene did not qualify for benefits. [Tr. 413-425] The Appeals Council denied review, making it the final decision of the Commissioner. [Tr. 8-11] On December 7,

2005, this Court affirmed the decision of the Commissioner. [Record No. 14, 15] Plaintiff then timely filed for relief. [Record No. 16]

**LEGAL STANDARD**

Rule 59(e) of the Federal Rules of Civil Procedure authorizes motions to reconsider. "A motion under Rule 59(e) is not intended to provide the parties an opportunity to relitigate previously-decided matters or present the case under new theories. Rather, such motions are intended to allow for the correction of manifest errors of fact or law, or for the presentation of newly- discovered evidence." *In re Larson*, 103 B.R. 896, 897 (Bankr. S.D. Ohio 1989). *See also General Truck Drivers Local No. 957 v. Dayton Newspapers, Inc.*, 190 F.3d 434, 445 (6th Cir.1999) (Clay, J. dissenting), *cert. denied*, 528 U.S. 1137 (2000) ("Rule 59(e) motions serve a limited purpose and should be granted for one of three reasons: (1) because of an intervening change in controlling law; (2) because evidence not previously available has become available; or (3) because it is necessary to correct a clear error of law or prevent manifest injustice."); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998) ("A motion under Rule 59(e) is not an opportunity to re-argue a case."); *Harley-Davidson Motor, Inc. v. Bank of New England*, 897 F.2d 611, 616 (1st Cir.1990) ("Rule 59(e) motions are aimed at *re* consideration, not initial consideration.") (emphasis in original); *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986) ("Motions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence. These cannot be used to raise arguments which could, and should, have been made before the judgment issued.") Thus, the party seeking reconsideration cannot simply

seek a second bite of the apple and it bears "[t]he burden of demonstrating the existence of a manifest error of fact or law." *In re Nosker*, 267 B.R. 555, 565 (Bankr. S.D. Ohio 2001).

**ANALYSIS**

Greene's motion to alter or amend simply attempts to re-argue the grounds under which the Commissioner's decision was affirmed in the Court's prior Memorandum Opinion and Order. [Record No. 14] Plaintiff again argues that the ALJ failed to properly take into account the evidence which shows Greene to meet the limitations under Listing 12.02. [Record No. 16, pg. 2] The Court, however, previously addressed this argument in its prior opinion. [Record No. 14, pgs. 5-6]

Similarly, the Plaintiff challenges the hypothetical which was presented to the ALJ as it relates to the level of supervision which Greene would require. [Record No. 16, pg. 2] This is identical to the argument which Greene raised in his Motion for Summary Judgment [Record No. 11 pgs. 22-23, 25] and was also addressed by the Court in its prior opinion. [Record No. 14, pgs. 5-6]

In summary, Greene's Motion to Alter or Amend under Rule 59(e) is simply a shorter re-argument of his Motion for Summary Judgment. [Record No. 11] It raises no new evidence, nor does it claim any change in existing law which would entitle him to relief. However, even if the Court were to consider it as proper under Rule 59(e), because it raises no new evidence or change in controlling law, it fails to persuade the Court why its prior opinion should be altered in any way. The Commissioner is still entitled to substantial deference and this Court may not substitute its own judgment if the Commissioner's decision is supported by the substantial

evidence. *Wyatt v. Sec'y of Health and Human Services*, 974 F.2d 680 (6th Cir. 1992); *Garcia v. Sec'y of Health and Human Services*, 46 F.3d 552, 555 (6th Cir. 1995).

**CONCLUSION**

For the reasons discussed herein, it is **ORDERED** that the Plaintiff's Motion to Alter or Amend [Record No. 16] is **DENIED**.

This 20th day of March, 2006.



Signed By:
*Danny C. Reeves* DCR
United States District Judge